IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 96-10698
Summary Calendar

_____


LEROY BROWN, Individually and as next friend of Randy
Lea Brown, Amber Cascade Brown and Cody Alan Brown,
Minors, BARBARA GAIL BROWN, Individually and as next
friend of Randy Lea Brown, Amber Cascade Brown and Cody
Alan Brown, Minor Children, RANDY LEA BROWN, a Minor,
AMBER CASCADE BROWN, a Minor, and CODY ALAN BROWN, a
Minor,

                              Plaintiffs-Appellants,

                    versus

UNITED STATES OF AMERICA,

                              Defendant-Appellee.

_____

Appeal from the United States District Court for
the Northern District of Texas
(5:95-CV-27-C)
_____
May 13, 1997

Before REAVLEY, BARKSDALE and DENNIS, Circuit Judges.

PER CURIAM:[*]

Lee Roy Brown appeals the district court's finding for the

Government in his medical negligence claims against the United

States.  We affirm for the following reasons:

---

[*]  Pursuant to Local Rule 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in Local Rule
47.5.4.

1. Plaintiff alleges that although he consented to having back surgery at the Veteran's Administration hospital to treat his arachnoiditis, the lysis surgery which dislodged the spinal roots from adhesions in the thoracic level was unnecessary and unwarranted "exploratory" surgery, the proximate cause of his post-operative injuries, and constituted malpractice. The court found that the actual surgical procedure, a laminectomy from T4 to T10, was essentially that which Brown consented to have, and that he consented to the procedure after having been fully informed by his doctors of the serious risks involved. The court further found that the laminectomy procedure as carried out without magnification or steroids was warranted and within the standard of care.

2. Plaintiff alleges that the surgery was the proximate cause of his paraplegia and loss of control over his ensuing loss of bladder, bowel, and sexual functions. The district court found that Plaintiff had been fully informed by his physicians of the serious risks involved in the surgery, and consented to the procedure. The court further found that Brown's disabilities could reasonably be expected to develop as a result of the ongoing deterioration of his preexisting condition, irrespective of surgical intervention.

3. Plaintiff further complains that the trial court's findings do not reflect a weighing of the evidence presented and

are insufficient to provide for meaningful review. *Nickerson v. Travelers Insurance Co.,* 437 F.2d 113, 114 (5th Cir. 1971). The district court adopted the Government's findings of fact, but these are supported by evidence contained in the record on appeal. The record reflects that the court understood the issues in the case and reviewed all of the evidence presented both in open court and by deposition. Accordingly, we defer to the court's findings. *Clark v. Mobil Oil Corp.* 693 F.2d 500 (501 (1982). Fed.R.Civ.P. 52(a). The court's conclusion that Brown's disabilities are the result of a preexisting condition not caused by the United States is consistent with its finding that the surgical procedure used was warranted in light of the plaintiff's particular history and symptoms of adhesions around the spinal chord in the thoracic area, and that the procedure was within the standard of care. *See Pharmaseal Labs, Inc. v. Goffe*, 90 N.M. 753, 568 P.2d 589 (1977).

AFFIRMED.